IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LaToyna Woodruff,            ) | |
| ) | Civil Action No. 6:14-0064-TMC-JDA |
| Plaintiff,    ) | |
| ) | |
| v.                                        ) | **ORDER** |
| ) | |
| MAU Workforce Solutions,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

The plaintiff, LaToyna Woodruff ("Woodruff"), brought this action against the defendant, MAU Workforce Solutions ("MAU"), alleging breach of contract; violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201; gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e; and wrongful termination. MAU moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant MAU's motion in part and deny it in part. (ECF No. 13). Both parties have filed objections to the Report's recommendation (ECF Nos. 14, 15, 17) and this matter is now ripe for review.

**I. Background**

Woodruff worked at MAU as a production associate. When she began her employment at MAU, she received a copy of the employee handbook, which, in most instances, entitles employees to receive corrective action and an opportunity to improve before being terminated.

On November 3, 2012, Woodruff worked a 12-hour overnight shift. That shift was outside of her normal work schedule and, under MAU policy, would entitle her to double time. During this shift, Woodruff took one twenty minute meal break. However, when Woodruff received her paycheck two weeks later, she noticed that MAU had docked her for two meal breaks and not given her double pay for the overnight shift. According to Woodruff's complaint, she complained to an MAU representative about the pay discrepancies and the representative suspended her. Then, less than two weeks later, MAU terminated Woodruff, citing job abandonment. In addition, Woodruff alleges that two male co-workers who worked the overnight shift with her and took the same meal break have not complained about the pay discrepancy and have not been fired.

## II. Standard of Review

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v.*

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* at 678.

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.  Discussion

MAU specifically objects to two of the Report's findings: (1) that the complaint sufficiently alleges that Woodruff was not paid the minimum wage because of the docked meal break and (2) that Woodruff may pursue her claim for discharge in violation of public policy in addition to her FLSA claim.  In addition, Woodruff objects to the Report's reliance on evidence outside of the pleadings, i.e., the handbook, in analyzing her breach of contract claim.

Woodruff's objection is wholly without merit.  As the Report stated, it is well settled in this circuit that, at the 12(b)(6) stage, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (alterations in original) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  Here, Woodruff explicitly relied on the employee handbook in stating her claim for

breach of contract, MAU attached the handbook to its motion to dismiss, and Woodruff has not challenged the handbook's authenticity. Thus, the court may consider the handbook in deciding whether to dismiss the complaint.[1]

As to MAU's first objection, the court has reviewed the relevant cases and portions of the complaint and finds that, for the reasons stated in the Report, at this stage, Woodruff's allegations are sufficient. The court emphasizes, however, that it expresses no opinion as to whether Woodruff should ultimately prevail on her retaliation claim; it only finds that, on the facts alleged, her claim survives a motion to dismiss.

Likewise, the court agrees with the Report's analysis of Woodruff's state law wrongful termination claim. Woodruff asserts, and the Report agrees, that she is asserting two different claims based on two different wrongs. Specifically, Woodruff is bringing an FLSA retaliation claim based on MAU's failure to pay her minimum wage by docking her for an extra meal break and a state wrongful discharge action based on MAU's failure to pay double time for the overnight shift. MAU objects, arguing that both claims are based on the same wrong—a retaliatory discharge—and the FLSA provides a remedy for that wrong. So, the court should dismiss Woodruff's state law claim under *Dockins v. Ingles Markets, Inc. See Dockins v. Ingles Market, Inc.*, 413 S.E.2d 18, 19 (1992) ("When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. We hold this applies when the right is created by federal law as well as state law.") (internal citations omitted).

As further support for its position, MAU points the court to *Visco v. Aiken County, SC*, 974 F. Supp. 2d 908 (D.S.C. 2013). In *Visco*, the court dismissed the plaintiffs' state law

---

[1] In addition, the court notes that Woodruff does not object to the Report's finding that the handbook's language is not mandatory, only to the Report's considering the handbook at all.

wrongful discharge claim "because a plaintiff may not recover under a state law theory of wrongful/retaliatory discharge where a remedy to the alleged misconduct is available under the FLSA." *Id.* at 925.  MAU suggests that *Visco* is persuasive because the plaintiffs' claimed they were discharged in retaliation for complaining about overtime and for complaining about the County's policies regarding benefit days.  Thus, according to MAU, even though part of the plaintiffs' claim did not fall within the FLSA, the court dismissed the state law claim in its entirety.

However, the facts of *Visco* suggest that, unlike here, the plaintiffs' retaliation claim was completely covered by the FLSA.  While the court summarizes the plaintiffs' retaliation claim as resting on the county's policies regarding benefit days, other parts of the opinion reveal that the plaintiffs' complaints about benefit day policies were entwined with their complaints about overtime.  *See, e.g, id.* at 917-918 (addressing plaintiffs' claims that defendant's benefit day policies affected calculation of wages and overtime).[2]  In contrast, Woodruff bases her state law wrongful discharge claim on MAU's failure to pay double-time, not overtime.  And, as both parties readily admit, the FLSA does not provide a right to double-time.  So, if the FLSA does not provide a right to double-time, then it does not provide a remedy for an employer's failure to pay double-time.  Accordingly, Woodruff may seek a remedy through state law.

## IV.  Conclusion

After conducting the requisite review of the record in this case, the court adopts the Report and incorporates it herein.  Therefore, MAU's motion to dismiss (ECF No. 5) is GRANTED as to Woodruff's claim for breach of contract and DENIED as to all other claims.  In

---

[2] Moreover, in *Visco*, the court reviewed cross-motions for summary judgment and a motion for conditional collective action certification, not a motion to dismiss.  Ultimately, the court found that the FLSA's overtime provisions did not apply to the plaintiffs' case and that the plaintiffs did not suffer adverse employment action, thus barring any claim for retaliation.  To be sure, *Visco* presented a very different and much more complicated scenario.

5

addition, Woodruff is to file an amended complaint pleading exhaustion of her Title VII claim within five business days of this order.

**IT IS SO ORDERED**.

s/Timothy M. Cain  
United States District Judge

July 29, 2014  
Anderson, South Carolina